YORK, administratrix, *v.* LOVELL *et al.; et vice versa.*

Nos. 8592, 8593.   August 10, 1932.

*J. C. & H. E. Edwards* and *John L. York,* for York, administratrix.

*John E. Frankum, McMillan & Erwin,* and *George T. Daniel,* contra.

HILL, J. Mrs. G. L. Lovell and nine others brought a petition for receiver, injunction, and judgment on certain open accounts and notes, some of the notes having been reduced to judgment, against Mrs. Ethel H. York individually and as administratrix of the estate of J. L. York, deceased, and Jesse H. York and John L. York, and alleged in substance that the petitioners were creditors of the estate of J. L. York; that the deceased left an estate worth a large sum of money; that Mrs. York had a year's support set apart to her and her children, which was too large in view of the value of the estate, and that the same was procured by fraud, in that Mrs. York stated to one creditor that she believed the estate to be solvent, and the creditor was induced not to object to the granting of the year's support; that the administratrix sold some of the property of the estate to the sons of the deceased, at public sale, for an inadequate price, in pursuance of a conspiracy, and thereby perpetrated a fraud on the creditors; that the administratrix kept off prospective bidders from the sale of certain orchard property, by telling them that she would not allow the property to be sold for less than a certain large sum; and that the purchasers at the sale were insolvent and unable to respond in damages. The prayers were that the year's support judgment be set aside; that the deeds to the property sold by the administratrix be set aside and canceled; that the purchasers be restrained from selling or altering the status of the property; that Mrs. York be restrained from further administering the estate; that she be enjoined from disposing of her individual property; and that a receiver be appointed to take over the alleged assets of the estate and administer them under direction of the court; and for general relief.

Demurrers, general and special, were filed. On the hearing the allegations of the petition with reference to the year's support were stricken. The prayers for injunction and receiver were refused by the court, except that Mrs. York was restrained from further administering the estate of J. L. York pending the issues of the case. Certain special demurrers which were sustained were met by amendment. In all other respects the demurrers were overruled; and in so far as the rulings were adverse to the defendant, Mrs. York, she filed exceptions pendente lite, and error is assigned on said rulings.

The case was referred to an auditor, who heard evidence and rendered findings of law and of fact. The auditor by his report re-

fused the application for injunction and receiver, and found in favor of the administratrix upon all the issues, except that he disallowed her plea to the jurisdiction. He found that Mrs. York received, and was chargeable with the sum of $895.83 by reason of a promissory note, which was found to be an asset of the estate; it being a note of J. L. Roper Jr. to Mrs. J. L. York, administratrix of the estate of J. L. York, which was transferred and assigned to Mellie S. Jones for value. The auditor disallowed as charges against the estate certain items of the account of the administratrix. The plaintiffs filed exceptions of law and of fact to the report of the auditor, which were overruled by the court, and error is assigned on that ruling and embodied in a cross-bill of exceptions. The court overruled the exceptions of law filed by the defendants, and rendered final judgment in favor of the plaintiffs. To this ruling and judgment Mrs. York excepted.

1. Counsel for plaintiff in error in the main bill of exceptions argue but two questions in the present case. These questions are set forth in paragraphs 2 and 4 of her exceptions to the report of the auditor. In paragraph 2 Mrs. York excepts to the ruling of the auditor as contained in paragraph 14 of his report and in item 16 thereof, in which the auditor ruled as follows: "I further find that Mrs. Ethel H. York has received and is chargeable with the following assets belonging to the estate of J. L. York, deceased, to wit: Item 16. Note of J. L. Roper Jr. to Mrs. J. L. York, administratrix, estate of J. L. York, dated September 10, 1924, this note appearing to have been transferred and assigned for value received by said administratrix to Mellie S. Jones; for the amount of which note, principal $625, and interest on the same at 8 per cent. per annum, from September 10, 1924, to February 10, 1930, $270.83, I hold said administratrix to be liable, $895.83." It is insisted that this note was tendered as an asset of the estate of the deceased, and that the auditor found that it *was* an asset of the estate, but that when the note was tendered it showed that it had been transferred and assigned "for value received to Mellie S. Jones." It is argued that the title to the note did pass by the transfer and assignment, and that the note thereby became the property of Mellie S. Jones and an asset of *his* estate, and therefore could not be an asset of the estate of J. L. York, deceased. It is further insisted that by reason of the transfer of the note the burden of

proof was upon the plaintiffs to show what amount she received for the transfer, or the actual value of the claim or asset she received as a consideration for the transfer. It is further insisted that the note was not payable to the intestate, but was payable to his administratrix personally, and that it should have been shown what the actual value of the note was; and that as they failed to do this, it could not be known what the value of the note was. But we do not agree to these contentions. If the note was an asset in the hands of the administratrix of the estate of her deceased husband and she transferred it for "value received," she would be liable prima facie for the face value of the note with interest, in the absence of evidence to the contrary; and that was what the auditor in effect found. We are of the opinion that the auditor did not err in so holding, nor did the trial judge err in overruling the exception to that part of the auditor's report.

2. Exception is also taken to the ruling of the auditor in paragraph 16 of his report, to which the plaintiff in error excepted in paragraph 4 of her exceptions to the auditor's report. The auditor held that certain items of expense for the maintenance, operation, and repairs of the orchard property and other property of the estate, during the administration, had not been sufficiently proved as proper charges against the estate of the deceased; and it being reported that there were no vouchers or other evidence in support of the same filed with the auditor or introduced in evidence. The auditor was authorized under the evidence to so find.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*